UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY MATTHEU WHEELER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. C16-6010MJP

**ORDER**

Plaintiff Jay Mattheu Wheeler seeks review of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the administrative law judge ("ALJ") erred in assessing the medical evidence, whether his impairments met or equaled a listing at step three, and the reliability of his subjective testimony and lay witness testimony. Dkt. 11. Mr. Wheeler alleges that these errors led to errors in the residual functional capacity ("RFC") assessment and the ALJ's finding that he could perform jobs existing in significant numbers in the national economy. Dkt. 11 at 18-19. As discussed below, the Court **REVERSES** the Commissioner's decision and **REMANDS** this case for further administrative proceedings.

**BACKGROUND**

Mr. Wheeler is currently 47 years old, has a 10th-grade education, and previously worked

ORDER - 1

as garbage truck driver, roofer, and lumber yard foreman. Tr. 80, 89, 460. In April 2011, he applied for benefits, alleging disability as of September 15, 2010. Tr. 57, 151-52, 426-38. His applications were denied initially and on reconsideration. Tr. 236-39, 243-56. The ALJ conducted hearings on June 12, 2012, and October 30, 2012 (Tr. 38-104), and subsequently found Mr. Wheeler not disabled. Tr. 214-25. The Appeals Council granted Mr. Wheeler's request for review, and remanded the matter back to the ALJ for further proceedings. Tr. 232-34.

The ALJ held another hearing on February 5, 2015 (Tr. 105-50), and subsequently found Mr. Wheeler not disabled. Tr. 14-27. As the Appeals Council denied Mr. Wheeler's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

In a case involving evidence of drug addiction and alcoholism ("DAA"), an ALJ may need to consider the impact of the claimant's DAA on his or her impairments. If the claimant would be considered disabled if the DAA is factored in, the ALJ should go on to consider whether the claimant would still be disabled if the DAA is factored out. *See* Social Security Ruling ("SSR") 13-2p, 2013 WL 621536, at *4-5 (Feb. 20, 2013). If the claimant would not be considered disabled if his or her DAA were factored out, then the DAA is "material" to the disability and the claimant is not entitled to disability benefits. SSR 13-2p, 2013 WL 621536, at *4.

In this case, the ALJ applied the five-step disability evaluation process [1] to find Mr. Wheeler disabled initially at step three, and then restarted the evaluation process to consider the materiality of Mr. Wheeler's DAA. The ALJ found:

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

**Step one:** Mr. Wheeler did not engage in substantial gainful activity since his alleged onset date.

**Step two:** Mr. Wheeler's seizures, cognitive disorder, learning disorder, borderline intellectual functioning, and alcohol abuse are severe impairments.

**Step three:** Factoring in Mr. Wheeler's alcohol abuse, his seizure disorder meets the requirements of Listing 11.01.[2] Therefore, if Mr. Wheeler's DAA is included, he is disabled.

**DAA step two:** If Mr. Wheeler stopped the substance use, he would still continue to have a severe impairment or combination of impairments.

**DAA step three:** If Mr. Wheeler stopped the substance use, none of his impairments meet the requirements of a listed impairment.

**RFC:** If Mr. Wheeler stopped the substance use, he could perform light work, with additional limitations. He can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for six hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday. He must avoid concentrated exposure to hazards such as dangerous moving machinery and heights. He can perform simple, repetitive tasks. He can maintain attention and concentration in two-hour increments, with usual and customary breaks. He can interact occasionally with supervisors. He can work superficially and occasionally with the general public. He can maintain appropriate standards of cleanliness and neatness as would be required for work involving only superficial and occasional interaction with the public. He can work superficially with co-workers (not as part of a team). He can respond to workplace changes and set workplace goals, consistent with simple, repetitive work.

**Step four:** If Mr. Wheeler stopped the substance use, he would not be able to perform any of his past relevant work.

**Step five:** If Mr. Wheeler stopped the substance use, he could perform other jobs that exist in significant numbers in the national economy. Therefore, his DAA is material and he is not disabled.

Tr. 14-27.

## DISCUSSION

**Opinion evidence**

Mr. Wheeler's opening brief summarizes various medical notes and opinions, with

---

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 3

arguments scattered throughout. Dkt. 11 at 3-11.

Mr. Wheeler first argues that the ALJ erred in finding at step two that the traumatic brain injury he experienced as a result of an assault was not a medically determinable impairment. Dkt. 11 at 4. The ALJ cited evidence suggesting that the link between Mr. Wheeler's seizures and an assault-related injury was not established. Tr. 17. Mr. Wheeler cites medical notes and imaging results mentioning trauma-related findings in support for his argument that the ALJ substituted her own "lay speculation" as to the impact of his brain injury. Dkt. 11 at 3-4 (citing Tr. 562-63, 568, 575-76, 592, 594).

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is medically determinable if it results "from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921.

The Commissioner does not address Mr. Wheeler's challenge to the ALJ's step-two findings. The Court agrees with Mr. Wheeler that it appears the ALJ substituted her own interpretation of the medical evidence, particularly because the State agency opinions on which the ALJ purported to rely included an organic brain syndrome in a list of Mr. Wheeler's medically determinable, severe impairments, and, in fact, identified it as his primary impairment. *See, e.g.*, Tr. 156, 168, 184-85. Also, the medical evidence cited by the ALJ (Tr. 17-18) for the proposition that Mr. Wheeler's seizures are caused by alcohol withdrawal rather than a traumatic brain injury is not persuasive: the ALJ cites an emergency department treatment note written the day after Mr. Wheeler's injury, and this note does not comment on any seizures post-injury or

the cause thereof. Tr. 580-81. Furthermore, several examining providers referenced Mr. Wheeler's traumatic brain injury and attributed various limitations to it. *See, e.g.*, Tr. 598-600, 625, 651, 659.

This step-two error taints the remainder of the ALJ's decision, because the ALJ referenced her interpretation of Mr. Wheeler's traumatic brain injury at step three and in her assessment of Mr. Wheeler's subjective testimony.[3] *See* Tr. 18, 22. The ALJ's error in assessing the medical evidence regarding Mr. Wheeler's traumatic brain injury requires reconsideration of the step-two findings on remand, and potentially further development of the record regarding the impact of the injury. Although Mr. Wheeler requested a remand for a finding of disability, this remedy is inappropriate under the circumstances of this case because even if Mr. Wheeler's traumatic brain injury was found to be a medically determinable impairment, Mr. Wheeler is not necessarily disabled as a result. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error."). Further administrative proceedings would serve a useful purpose, and the Court therefore exercises its discretion to remand this case for further proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

DATED this __15th__ day of _December_, 2017.

---

[3] Because this error relates to a threshold issue as to the scope of Mr. Wheeler's impairments, the Court need not address Mr. Wheeler's remaining assignments of error.

_____
Marsha J. Pechman
United States District Judge

ORDER - 6